**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 97-4935

BRIAN KEITH SMITH,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
Irene M. Keeley, District Judge.
(CR-97-7)

Submitted: October 9, 1998

Decided: November 23, 1998

Before WILKINS, HAMILTON, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Scott Allen Curnutte, Elkins, West Virginia, for Appellant. William
D. Wilmoth, United States Attorney, Zelda E. Wesley, Assistant
United States Attorney, Clarksburg, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Brian Keith Smith pled guilty to possession of crack cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) (1994), and was sentenced to a term of 121 months.**1** He asserts on appeal that the district court erred in denying his motion to suppress evidence seized during a search of his automobile. Finding no reversible error, we affirm.

I.

The facts are not in dispute. Smith was traveling on Interstate 79 when West Virginia State Trooper Rodney Southall stopped him for speeding. After obtaining Smith's driver's license, registration, and insurance card, Southall asked Smith to exit his vehicle as a precautionary safety measure and informed Smith that he planned to issue only a warning citation. As Southall handed Smith his documents and the citation, Southall asked Smith if he had any guns in the car. Smith said no.

Southall then asked Smith if he had anything illegal in the car, and Smith said no. Southall asked Smith if he could look inside Smith's car. Smith responded, "Go ahead." When Southall asked again whether he could look in the car, Smith said, "I'd rather not, I'm in kind of a hurry." Smith expressed his appreciation for the warning because he already had been stopped for speeding once and was running late. He extended his hand to Southall, but Southall refused to shake it. Southall continued to question Smith by asking him if a narcotics dog would alert to anything in the car. Smith first said he did not think so but then admitted that there were "reefer roaches" in the car. Southall told Smith that "reefer roaches" would alert a dog.

Smith told Southall that he could search the car, and Southall found the marijuana in the ashtray. As Southall attempted to open the trunk,

_____

**1** On November 13, 1997, the district court amended the judgment to correct a clerical mistake under Fed. R. Crim. P. 36, changing the term of imprisonment from 120 to 121 months.

he noticed that Smith kept one of the keys from the ring in his hand. That key opened the trunk. Southall discovered approximately 760 grams of crack cocaine.

Smith moved to suppress the crack cocaine. The district court found that based on the totality of the circumstances, Smith consented to the initial search of the car, he did not withdraw his consent, his detention after Southall handed him the warning citation was not illegal, he voluntarily confessed to having marijuana in the car, and he consented to the search that revealed the crack cocaine.[2] The court therefore denied Smith's motion to suppress. Smith timely appeals.

II.

Smith challenges on appeal the district court's denial of his motion to suppress evidence. He first asserts that he did not consent to the search. Alternatively, he contends that any consent was involuntary because it resulted from an illegal detention. A police officer may conduct a search without a warrant and without probable cause if the person in control of the area voluntarily consents to a search. See Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973). In determining whether consent is voluntary, the court should look to the totality of the circumstances. Id. at 227. Appropriate factors to consider include "the characteristics of the accused (such as age, maturity, education, intelligence, and experience) as well as the conditions under which the consent to search was given (such as the officer's conduct; the number of officers present; and the duration, location, and time of the encounter)." United States v. Lattimore, 87 F.3d 647, 650 (4th Cir. 1996). The government need not produce evidence that the defendant "knew of his right to refuse consent to prove that the consent was voluntary." Id. (citations omitted).

On motions to suppress evidence, we review the factual findings under the clearly erroneous standard and review the legal conclusions de novo. See United States v. Rusher, 966 F.2d 868, 873 (4th Cir. 1992). Whether Smith voluntarily consented to the search of his car

_____

[2] The district court also concluded that Southall did not have a reasonable suspicion of unlawful activity sufficient to justify the search of Smith's car. Smith does not challenge this ruling on appeal.

3

is a factual question which we review for clear error. See United States v. Elie, 111 F.3d 1135, 1144 (4th Cir. 1997).

The record supports the finding that Smith voluntarily consented to the search of the car. Smith's response, "go ahead," to Southall's request to look inside the car constituted consent, and his next response, "I'd rather not, I'm in kind of a hurry," was not a withdrawal of the consent. Further, neither Smith's characteristics nor the conditions surrounding Smith's consent render the consent involuntary. At the time of the stop, Smith had been working for his father in a car service for six years, attended college, and had been stopped for speeding shortly before Southall stopped him. Finally, as the district court found, Southall's question about the narcotics dog was not coercive. Southall was alone during the stop and did not have a drug dog at the scene or en route. Once Smith admitted that he had marijuana in the ashtray, Southall had probable cause to search the remainder of the car and, in doing so, discovered the crack cocaine in the trunk. We therefore find that the district court did not err in denying the motion to suppress.

III.

Accordingly, we affirm Smith's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED